IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CATALINO ALBARRAN-ESCOBAR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:14-cv-4528-L-BN |
| | § | |
| DISTRICT ATTORNEY FOR DALLAS COUNTY, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. The undersigned magistrate judge issues the following findings of fact, conclusions of law, and recommendation.

**Background**

Petitioner Catalino Albarran-Escobar is in the custody of the United States Bureau of Prisons ("BOP") at United States Penitentiary – Lompoc, in Santa Barbara County, California, pursuant to a conviction outside this District. He has filed a petition [Dkt. No. 1] against the Dallas County District Attorney, requesting that this Court compel the District Attorney to comply with the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C. App. 2 § 1, *et al.*, and dismiss three pending criminal cases against him – identified as Criminal Case Numbers F-1013164, F-1013165, and F-1013166 – because, Petitioner contends, the District Attorney has failed to comply

-1-

with Article III(a) of the IADA, which in part provides:

> Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party State [including a penal or correctional institution of the United States], and whenever during the continuance of the term ... there is pending in any other party State any untried indictment ... on the basis of which a detainer has been lodged against the prisoner, he shall be brought to trial within one hundred and eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer written notice of ... his request for a final disposition to be made of the indictment....

18 U.S.C. App. 2 § 2, art. III(a).

Petitioner alleges that, on December 16, 2013, the District Attorney received his Notice of Imprisonment and Demand for a Speedy Trial Pursuant to Interstate Agreement on Detainers Act and Tex. Penal Code Ann. C.C.P. Article 51.14. *See* Dkt. No. 1 at 2; *see also id.* at 8 & 10 (copies of the notice, which appear to be file-stamped by the Dallas County District Clerk on December 16, 2013). He therefore contends that, because the 180-day period expired on June 14, 2014 without a response from the District Attorney, he is entitled to the dismissal of the three criminal cases.

Records pertaining to the applicable criminal case numbers Petitioner has provided are available online. *See* Dallas County Felony and Misdemeanor Court Documents, *available at* http://www.dallascounty.org/public_access.php (last visited Apr. 9, 2015). Those records reveal that, on January 18, 2013, Petitioner pleaded guilty to possessing more than four ounces but less than five pounds of marijuana in June 2010, in violation of Texas Penal Code Section 481.121. *See State of Texas v. Catalino Albarran-Escobar*, F-1013166-U (291st Jud. Dist. Ct. of Dallas County, Tex. Jan. 18, 2013). Petitioner was sentenced to a concurrent term of two years incarceration. On

January 30, 2013, after entry of this judgment, the District Attorney dismissed Case Nos. F-1013164-U and F-1013164-U, which both charged Petitioner with possession of a controlled substance with intent to deliver.

The undersigned now concludes that the petition should be summarily dismissed.

## Legal Standards

"A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. "Federal courts are authorized, under 28 U.S.C. § 2243, to dispose of habeas corpus matters as law and justice require." *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see, e.g., Gatte v. Upton*, Civil Action No. 4:14-cv-376-Y, 2014 WL 2700656, at *1 (N.D. Tex. June 13, 2014) ("Title 28, United State Code, section 2243 authorizes a district court to summarily dismiss a frivolous habeas-corpus petition prior to any answer or other pleading by the government." (footnote omitted)).

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). Claims lack an arguable basis in law if they are grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*,

490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

"The IADA is a contract between the United States and the states, including Texas, that have adopted it. Its purpose is 'to provide for the speedy disposition of charges filed in one jurisdiction against prisoners who are serving sentences in another jurisdiction.'" *Kirvin v. Stephens*, No. 3:12-cv-3267-B, 2014 WL 3401153, at *7 (N.D. Tex. July 10, 2014) (quoting *Birdwell v. Skeen*, 983 F.2d 1332, 1335 (5th Cir. 1993)); *see also Alabama v. Bozeman*, 533 U.S. 146, 148 (2001). But "the IADA is a federal law subject to federal construction." *Kirvin*, 2014 WL 3401153, at *7 (citing *New York v. Hill*, 528 U.S. 110, 111 (2000)).

And, in the habeas context, a federal court "should consider whether an alleged violation affected or damaged a petitioner's ability to get a fair trial and whether it created the possibility that an innocent man was convicted and imprisoned." *Id.* at *8 (citing *Lara v. Johnson*, 141 F.3d 239, 243 (5th Cir. 1998), and further noting that an IADA violation is cognizable under habeas relief "only where a petitioner demonstrates that the alleged violation is a 'fundamental defect' of a type that would lead to a 'miscarriage of justice'" (quoting *Lara*, 141 F.3d at 242-43 (5th Cir.1998) (in turn quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)))); *see also Vasquez v. Warden, FCI Edgefield*, C/A No. 4:10-1449-RMG-TER, 2010 WL 4226149, at *2 (D.S.C. Sept. 27, 2010), *rec. adopted*, 2010 WL 4220544 (D.S.C. Oct. 20, 2010) ("[T]he Fourth Circuit, along with the majority of federal circuits, holds that a violation of the IADA, without more, generally comprises no ground for habeas corpus relief." (citing *Kerr v. Finkbeiner*, 757 F.2d 604, 607 (4th Cir. 1985) and collecting cases)).

## Analysis

It is not entirely clear why Petitioner asserts that the IADA violation that he alleges requires that the subject Texas indictments be dismissed, particularly since Petitioner pleaded guilty to the charges contained in one of those indictments – which likely led to the dismissal of the other two indictments – in January 2013, prior to sending his notice pursuant to the IADA in December 2013.

Regardless, if the relief that he seeks in this Court is habeas in nature – this action was docketed as one under 28 U.S.C. § 2241 – and even if the Court assumes the IADA somehow has been violated – which does not appear to be the case, because Petitioner has shown neither that an indictment was pending in Texas nor that Texas had lodged a detainer against him when he sent his notice – Petitioner still has not shown that he is entitled to habeas relief by either showing prejudice or presenting exceptional circumstances. *See Kerr*, 757 F.3d at 607 ("Specifically, we hold that the violation of the 180-day time provision of Article III(a) alleged in this case does not constitute a fundamental defect entitling Kerr to relief under § 2254, because Kerr has failed to show any prejudice arising out of the alleged violation. Nor does this case 'present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974))); *accord Lara*, 141 F.3d at 242-43.

**Recommendation**

The Court should summarily dismiss the petition.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 10, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE