IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CATALINO ALBARRAN-ESCOBAR,** | § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. **3:14-CV-4528-L-BN** |
| **DISTRICT ATTORNEY FOR DALLAS COUNTY,** | § § § § | |
| Respondent. | § § | |

## ORDER

This case was referred to Magistrate Judge David L. Horan, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") on April 10, 2015, recommending that this petition be summarily dismissed.

The magistrate judge concluded that Petitioner Catalino Albarran-Escobar's ("Petitioner") petition is frivolous. Petitioner argues that the District Attorney has failed to comply with the Interstate Agreement on Detainers Act ("IADA") by violating his right to a speedy trial. Petitioner seeks dismissal of three criminal cases. According to the magistrate judge, before Petitioner sent notice pursuant to IADA, he pleaded guilty to charges in one of these cases, and, in the other two cases, the indictments were dismissed subsequent to Petitioner's guilty plea. Accordingly, dismissal is proper.

On April 29, 2015, Petitioner filed his objections in which he requests that the court order the Respondent to file a response to his petition. He states that he was unaware that two of his state cases were dismissed. He also states that these charges show up on his institutional records as still pending and, as a result, he is suffering a prejudice. The court conducted a search of the public

records using the link provided by Magistrate Judge Horan in his Report. The search revealed that case number F10-13164 was dismissed on motion of the district attorney on January 30, 2013, and case number F10-13165 was dismissed on motion of the district attorney that same day. Moreover, Petitioner pleaded guilty to the charges named in the Indictment for case number F-1013166, and judgment was entered on January 18, 2013. Accordingly, Petitioner's objections are **moot**, as the public records, made available by the link provided in the Report, make clear that Petitioner pleaded guilty to one of the state cases and the other two were dismissed in 2013. Petitioner may use this order to show prison officials that the two charges he is concerned about have been dismissed, and this should remove any prejudice that he is allegedly suffering.

After reviewing the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct, and **accepts** them as those of the court, and **dismisses with prejudice** this action as frivolous.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims

---

[*] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:
    **(a)**   **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.
    (**b**)   **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**Order – Page 2**

debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling."  *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in this case.  In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status by the district court.

**It is so ordered** this 30th day of April, 2015.

                                           Sam A. Lindsay
                                           United States District Judge